UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:05CR-25-R

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.

MICHAEL A. YANDAL                                                                        DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion to Withdraw Guilty Plea (Docket #34). The United States has filed a response asking this Court to deny the motion (Docket #38). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion to Withdraw Guilty Plea is **GRANTED**.

## BACKGROUND

Yandal was pulled over on the evening of June 23, 2005, in Graves County, Kentucky by the Tri-County Drug Task Force when they noticed that the tint on Yandal's windows was too dark. During the course of the stop, Yandal admitted to having drugs in his car, consisting of sixty-three grams of crack-cocaine and eight ounces of marijuana. Yandal also admitted to having a handgun in the car.

A grand jury indicted Yandal on October 11, 2005. Prior to pleading guilty, Yandal filed a Motion to Suppress in which he asserted that the stop of his vehicle was warrantless, non-consensual, and without probable cause. The Court held a suppression hearing on February 21, 2006. The Court denied Yandal's Motion to Suppress, stating that the stop was legal and

reasonable.

On March 27, 2006, Yandal pled guilty to (1) intentionally possessing with the intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(a)(iii); (2) knowingly and intentionally possessing with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); and (3) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). During the colloquy, Yandal admitted each element of these three offenses. He now seeks to withdraw this plea.

Yandal has filed, ex parte, a statement indicating exculpatory evidence unknown to defense counsel prior to the guilty plea. Documentary evidence to support this statement was also included in this filing.

## DISCUSSION

Pursuant to FED. R. CRIM. P. 11(d)(2)(B), a defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence if the defendant can show a fair and just reason for requesting the withdrawal. "The defendant has the burden to demonstrate that some fair and just reason exists for withdrawal of his guilty plea." *United States v. Mader*, 251 F.3d 1099, 1105 (6th Cir. 2001).

> Courts have noted that the aim of the rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty.'

*United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996) (citations omitted). In determining whether a defendant has met this burden, the court looks at a number of factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his

> innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *abrogated on other grounds by statute as stated in United States v. Caseslorente*, 220 F.3d 727, 734-35 (6th Cir. 2000). This is a general, non-exclusive list of factors, none of which is controlling. *Bazzi*, 94 F.3d at 1027.

On June 14, 2006, seventy-nine days after the entry of his guilty plea, Yandal informed the Court that he was considering a withdrawal of his guilty plea. Yandal filed the Motion to Withdraw Guilty Plea on July 20, 2006, 112 days following the entry of his guilty plea. Yandal indicated in a chambers conference that the reason behind this delay was the uncovering of exculpatory evidence unknown to defense counsel prior to the guilty plea. The Court has reviewed this evidence contained in the ex parte statement and finds that it is strong exculpatory evidence. The strength of this exculpatory evidence is enhanced by supportive documentation accompanying the statement. The Court finds that defense counsel's discovery of this evidence provided a valid reason for the failure to move for withdrawal earlier in the proceedings. Therefore, although the Sixth Circuit has previously found shorter periods of delay to weigh against granting a Motion to Withdraw a Guilty Plea, *see United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996), this Court finds that there was a valid reason for Yandal's failure to move for withdrawal earlier.

Yandal knowingly and voluntarily admitted his guilt in court during the colloquy although he now indicates in his ex parte statement that he is innocent of the charges against him. Yandal has prior convictions for drug trafficking and for driving under the influence, indicating that he had prior experience with the criminal justice system. Yandal also has graduated high school and prior to the arrest was a junior at Murray State University. Additionally, Yandal reads and speaks English.

This Court has undertaken a weighing of the *Bashara* factors and now finds that Yandal has met his burden of demonstrating that a fair and just reason exists for the withdrawal of his guilty plea. In addition to considering the *Bashara* factors, the Court was also influenced by the considerable sentence that Yandal faces in this case.

Finally, the United States has admitted that they "can point to no specific prejudice it would suffer if the Court allows Yandal to withdraw his guilty plea." The Court has also taken this factor into consideration as the defendant has shown a fair and just reason to withdraw his guilty plea. *See United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991).

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Withdraw Guilty Plea is **GRANTED**.

An appropriate order shall issue.