**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO. 5:05-CR-025-R**

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

**v.**

**MICHAEL A. YANDAL**                                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Michael Yandal's Motion for New Trial (Docket #86). Plaintiff has responded (Docket #87), and the time for filing a reply has expired. For the reasons that follow, Defendant's Motion is DENIED.

BACKGROUND

On January 5, 2007, a jury found Yandal guilty of possession with the intent to distribute crack cocaine and marijuana, and possession of a firearm in furtherance of a drug trafficking crime. Police found Yandal's crack cocaine, marijuana, and gun after Mayfield Police Detective Tye Jackson stopped Yandal's car for having excessively-tinted windows in violation of Kentucky law. Yandal moved to suppress, claiming that Detective Jackson lacked probable cause to believe his window tinting violated Kentucky law. This Court held a hearing and subsequently denied the motion, finding the detectives had the right to stop Yandal's car even if the tint was legal because Detective Jackson could not see into Yandal's car. The Sixth Circuit affirmed, stating that the stop did not violate the Fourth Amendment because it was reasonable for Detective Jackson to believe that the window tint was illegal.

Yandal now moves this Court for a new trial pursuant to Federal Rule of Criminal Procedure 33 due to newly discovered evidence, namely the dismissal of the state court charge of

excessively tinted windows.  The Government argues that the dismissal is not newly discovered evidence because it was entered before trial, and Yandal actually used it at trial.  The Government also argues that even if the evidence was newly discovered, it would have made no difference to the determination of the suppression motion.

STANDARD

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The defendant bears the "burden of demonstrating that '(1) the evidence was discovered after trial, (2) it could not have been discovered earlier with due diligence, (3) it is material and not merely cumulative or impeaching, and (4) it would likely produce an acquittal if the case was retried.'" *United States v. Kenny*, 505 F.3d 458, 462 (6th Cir. 2007) (quoting *United States v. Turns*, 198 F.3d 584, 586-87 (6th Cir.2000)).

DISCUSSION

The state court dismissed the charge of excessive window tinting against Yandal on March 23, 2006.  The federal jury found Yandal guilty on January 5, 2007.  Yandal argues that the evidence was not available until after the suppression hearing, but that is not the proper inquiry.  Because evidence of the dismissal of the state court action was discovered before trial, Yandal has failed to satisfy his burden of demonstrating that the interest of justice requires a new trial pursuant to Federal Rule of Criminal Procedure 33.

Moreover, as the Government notes, evidence of the dismissal of the state court action is not material and would not likely produce an acquittal if the case was retried.  That evidence would not have altered the Court's determination of Yandal's suppression motion because the

question before the Court was whether Detective Jackson had probable cause when he stopped Yandal, not whether Yandal's window was illegally tinted.

CONCLUSION

For the foregoing reasons, Defendant Michael Yandal's Motion for New Trial is DENIED.