UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CRIMINAL ACTION NO. 5:05CR-25-R

UNITED STATES OF AMERICA                                                PLAINTIFF

v.

MICHAEL A. YANDAL                                                       DEFENDANT

## MEMORANDUM AND ORDER

Defendant Michael A. Yandal filed a letter with the Court indicating that he has discovered that there is a "legislative court" under Article I of the U.S. Constitution and a "constitutional court" under Article III (DN 153). He asks which court adjudicated his prior proceedings and seeks (1) a copy of the legislative and constitutional court seals; (2) documentation that proves which court adjudicated his criminal and habeas actions; (3) instructions on the procedure for filing in the proper court; and (4) any information pertaining "to the so-called 'green file.'"

As to Defendant's request as to which type of court adjudicated his criminal and § 2255[1] actions, in *Ex parte Bakelite Corp.*, 279 U.S. 438 (1929), the U.S. Supreme Court explained the difference between constitutional and legislative courts.

> While article 3 of the Constitution declares, in section 1, that the judicial power of the United States shall be vested in one Supreme Court and in '*such inferior courts as the Congress may from time to time ordain and establish*,' and prescribes, in section 2, that this power shall extend to cases and controversies of certain enumerated classes, it long has been settled that article 3 does not express the full authority of Congress to create courts, and that other articles invest Congress with powers in the exertion of which it may create inferior courts and clothe them with

---

[1] Defendant actually mentions the instant criminal action and "the subsequent habeas corpus petition that was filed regarding that same criminal case." The Court's records, however, reveal that no habeas petition has been filed. The Court, therefore, presumes Defendant is referring to his § 2255 motion that he previously filed.

> functions deemed essential or helpful in carrying those powers into execution. But there is a difference between the two classes of courts. *Those established under the specific power given in section 2 of article 3 are called constitutional courts.* They share in the exercise of the judicial power defined in that section, can be invested with no other jurisdiction, and have judges who hold office during good behavior, with no power in Congress to provide otherwise. On the other hand, those created by Congress in the exertion of other powers are called legislative courts. Their functions always are directed to the execution of one or more of such powers, and are prescribed by Congress independently of section 2 of article 3; and their judges hold for such term as Congress prescribes, whether it be a fixed period of years or during good behavior.

*Id.* at 449 (emphasis added). Congress created the district courts and set up their composition in 28 U.S.C. § 132. *See* § 132(a) ("There shall be in each judicial district a district court which shall be a court of record known as the United States District Court for the district."); *United States v. Jackson*, 374 F. Supp. 168, 173 (N.D. Ill. 1974) ("District courts are constitutional courts contemplated by Article III of the Constitution."), *aff'd in part and rev'd in part on other grounds*, 508 F.2d 1001 (7th Cir. 1975). In 28 U.S.C. § 97, Congress divided Kentucky into two judicial districts – the Eastern District and the Western District. Consequently, the instant U.S. District Court for the Western District of Kentucky is an Article III constitutional court, and this constitutional court had jurisdiction over Defendant's criminal and civil actions. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

As to Defendant's request for the four items listed above, this Court either does not have the requested information or is unclear what Defendant is seeking. Accordingly, the request (DN 153) is **DENIED**.

Date:


cc: Defendant
 Counsel of record
4413.005