

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**UNITED STATES OF AMERICA**                                                                **PLAINTIFF**

**v.**                                                              **CRIMINAL ACTION NO. 5:05-CR-25-R**

**MICHAEL A. YANDAL**                                                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's, Michael A. Yandal, motion to remand this case to the state court based on improper removal (DN 173). For the following reasons, the Court will deny the motion.

This criminal action has been concluded for a number of years. In April 2007, the Court entered a Judgment and Commitment Order after a jury found Defendant guilty of possession with intent to distribute approximately 50 grams or more of cocaine base, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug-trafficking crime. He was sentenced to a total term of imprisonment of 195 months. On appeal, the Sixth Circuit Court of Appeals affirmed.

On February 29, 2012, Defendant filed the instant motion to remand this action to state court based on improper removal. He argues that his criminal case originally was filed in Graves Circuit and District Courts following a June 23, 2005, arrest after a traffic stop for having excessively tinted windows. Contraband was discovered inside Defendant's car, and a charge of excessive window tint was filed in the Graves District Court, while felony charges relating to the contraband were filed in Graves Circuit Court. He argues that instead of filing a notice of removal within the 30-day limit prescribed by 28 U.S.C. § 1446(c), prosecutors waited until October 2005 to dismiss the state felony charges. He argues that state and federal prosecutors

colluded to get around the removal time limit of 30 days by agreeing that the state prosecutors would dismiss the state felony charges and have the detective testify the next day in front of the federal grand jury.

In response, the United States points out that there is no authority for the Court to entertain the instant motion; although Defendant cites to 28 U.S.C. § 1446, that statute allows a defendant to remove a civil or criminal action from state to federal court, but has no basis here. The United States argues that the motion should be denied as frivolous.

In 2009, Defendant previously filed a similar motion for remand (DN 101). The Court denied his motion having reviewed the record and determined that the indictment in this case was returned by the federal grand jury of this district and his case had not been removed from Graves County authorities. For the same reasons, the Court **DENIES** the instant motion (DN 173).

Date:


cc: Defendant, *pro se*
 Counsel of record
4413.009